IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 01-60930
_____

JAKE AYERS, JR, Etc; ET AL

                    Plaintiffs

JAKE AYERS, JR, Private Plaintiffs

                    Plaintiff - Appellant

LILLIE B AYERS; LEOLA BLACKMON; RANDOLPH WALKER; HENRY BERNARD
AYERS; DR IVORY PHILLIPS; APPROXIMATELY 4,000 PETITIONERS,
AFFIANTS, PARTIES IN INTEREST AND OTHERWISE PARTICIPANTS IN THE
AYERS CONTROVERSY, also known as Lillie B Ayers Private
Plaintiffs

                    Appellants

     v.

RONNIE MUSGROVE, Governor, State of Mississippi

                    Defendant - Appellee

BOARD OF TRUSTEES OF STATE INSTITUTION OF HIGHER LEARNING; DELTA
STATE UNIVERSITY; MISSISSIPPI STATE UNIVERSITY; UNIVERSITY OF
SOUTHERN MISSISSIPPI; UNIVERSITY OF MISSISSIPPI; MISSISSIPPI
UNIVERSITY FOR WOMEN

                    Appellees

     v.

LOUIS ARMSTRONG

                    Movant - Appellant

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(4:75-CV-9)
_____

Before KING, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellants are members of a class certified under Federal Rule of Civil Procedure 23(b)(2). FED. R. CIV. PRO. 23(b)(2). After other members of the class proposed a settlement agreement but before the district court approved or rejected that agreement, Appellants filed a motion for leave to opt out of the class. The district court entered an order denying Appellants' motion to opt out, and Appellants appeal that order.

We dismiss Appellants' appeal because the district court's order is not currently appealable. First, the district court's order is not appealable under 28 U.S.C. § 1291 because it is not a final decision "that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 86 (2000) (internal citations and quotations omitted). Second, the district court's order is not appealable under 28 U.S.C. § 1292(a)(1) as an injunction because the order does not command action from any party, does not threaten contempt for non-action, and does not accord substantive relief to any party. See Police Ass'n of New Orleans v. City of New Orleans, 100 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1159, 1166 (5th Cir. 1996).  Third, the district court's order is not appealable as a class certification order under Federal Rule of Civil Procedure 23(f).  FED. R. CIV. PRO. 23(f).  Finally, the district court's order is not appealable as a collateral order because it does not resolve questions separate from the merits and is effectively reviewable on appeal from the final judgment.  See Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 & n.12 (1978).

Appeal DISMISSED.